Evaristo Rivera Alejandro y Otros, demandantes y peticionarios, *v.* Efraín Algarín López, etc., demandados y recurridos.

*Número:* O-81-497    *Resuelto:* 18 de mayo de 1982

---

[8] El tribunal sentenciador determinó correctamente que no se probaron los daños mentales alegados en la demanda.

*Maricarmen Ramos de Szendrey,* abogada de los peticionarios; *Luis M. Angelet Frau,* de *Dubón, González & Vázquez,* abogado de los recurridos.

PER CURIAM: El 23 de diciembre de 1977 se instó la demanda presente en que se alegaba, entre otros asuntos, que los médicos demandados habían actuado negligentemente al atender al Sr. Evaristo Rivera Alejandro.(¹) Se alegó que el señor Rivera estuvo envuelto en un accidente en el cual sufrió una fractura craneal por lo que fue llevado al Hospital Universitario en donde fue operado; que como resultado de la falta de diligencia de los médicos demandados, el señor Rivera desarrolló una condición de gangrena en el pene; que la misma no se le diagnosticó, y que todo esto le causó grandes dolores físicos y angustias mentales al señor Rivera y angustias mentales a los demás demandantes.

Luego de repetidos intentos infructuosos, la parte demandante logró comenzar a tomar deposiciones a dos de los demandados, el Dr. Roberto F. Fortuño y el Dr. Humberto Ortiz. Por recomendación de sus respectivos abogados, los deponentes se negaron a contestar algunas preguntas. Adujeron que las mismas requerían que dieran opiniones periciales y que no siendo ellos peritos en el pleito, sino partes, las mismas no eran objeto de descubrimiento de prueba.(²) La parte demandante solicitó del Tribunal Superior que se ordenara a los doctores Fortuño

---

(¹) Se demandó además al causante del accidente, a la Asociación de Suscripción Conjunta de Seguro de Responsabilidad Profesional, a la Administración del Fondo de Compensación al Paciente, a la Universidad de Puerto Rico, al Hogar Nuestra Sra. de los Ángeles, así como a las aseguradoras de todos los demandados.

(²) Véanse Apéndices.

y Ortiz que contestaran las preguntas. El tribunal denegó esta solicitud y relevó a los doctores de contestar las preguntas relativas a sus opiniones alegadamente periciales. De esta resolución es que recurre ante nos la parte demandante.

■ La Regla 23.1 de Procedimiento Civil define el alcance del descubrimiento de prueba en casos civiles. Su inciso (a) reza:

> Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

Puede apreciarse que la regla solo contiene dos limitaciones: (1) no puede tratarse de materia privilegiada y (2) debe ser materia pertinente al asunto en controversia.

■ En cuanto a la primera de éstas, hemos resuelto que "el término 'privilegiado' se refiere exclusivamente a los privilegios que reconocen las reglas de evidencia", *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554, 572 (1959). Véase además, *Ward* v. *Tribunal Superior*, 101 D.P.R. 865, 866 (1974). La materia que se pretende descubrir en el caso presente no es privilegiada. En casos de daños y perjuicios por impericia médica, como el de autos, no existe el privilegio médico-paciente. *García Negrón* v. *Tribunal Superior*, 104 D.P.R. 727, 732 (1976); Regla 26(C) (7) y 26(C) (8) de las de Evidencia.

■ Superado este escollo, examinemos si se cumple con el requisito de pertinencia. Nuestra regla recoge el

principio aceptado modernamente de que el descubrimiento de prueba debe ser amplio y liberal. *Sierra* v. *Tribunal Superior*, supra, pág. 573; *Hickman* v. *Taylor*, 329 U.S. 495, 507 (1947); Wright & Miller, *Federal Practice and Procedure*, St. Paul, Minnesota, West Publishing Co., 1970, Vol. 8, Sec. 2007. Véanse además, *Ward* v. *Tribunal Superior*, supra; *Girard Industries Corp.* v. *Tribunal Superior*, 103 D.P.R. 680 (1975); *Zaragoza* v. *Tribl. Superior*, 78 D.P.R. 447 (1955); *Shell Co. (P.R.) Ltd.* v. *Tribl. de Distrito*, 73 D.P.R. 451 (1952). Se reconoce que este criterio de pertinencia para el descubrimiento de prueba es más amplio que el contenido en las reglas de evidencia para la admisibilidad de prueba. Wright & Miller, *op. cit.*, Sec. 2008; *Moore's Federal Practice*, New York, Matthew Bender & Co., 1981, Sec. 26.55[1]. [3] Así, "[i]ncluye todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no estén relacionadas con las controversias específicas que han sido esbozadas por las alegaciones". *Sierra* v. *Tribunal Superior*, supra, pág. 573.

■ No obstante, en cuanto al descubrimiento de prueba pericial de la parte contraria, la Regla 23.1(c) provee restricciones adicionales. El inciso primero de esa regla le concede al tribunal la facultad de imponer las condiciones y limitaciones que estime necesarias para el descubrimiento de prueba pericial que la parte contraria intente presentar en el juicio. De tratarse de peritos consultados y contratados por la otra parte con anterioridad al pleito o en preparación para el juicio y los cuales no habrán de ser llamados a testificar, solo se podrán descubrir los hechos conocidos por el perito, así como sus opiniones, si se le demostrara al tribunal que existen circunstancias excepcionales que hagan impráctico para la parte que interese

---

[3] Estos comentaristas llegan a esta conclusión al examinar la Regla 26(b) de Procedimiento Civil federal, sustancialmente igual a la 23.1 nuestra.

el descubrimiento obtener hechos u opiniones por otros medios. Regla 23.1(c)(2). En ambos casos, el tribunal ordenará a la parte que solicite el descubrimiento que pague al perito honorarios razonables por el tiempo invertido durante el descubrimiento. Regla 23.1(c)(3).

Con lo anterior en mente, examinemos la controversia ante nos. Debemos decidir si es suficiente en el caso de autos que se cumpla con la norma general de pertinencia consagrada en la Regla 23.1(a) o si aplican las restricciones adicionales de la 23.1(c). Se reconoce generalmente en Estados Unidos que los hechos y las opiniones periciales de un médico demandado en una demanda de daños y perjuicios por impericia profesional en torno al tratamiento dado por éste a su paciente pueden ser objeto de descubrimiento de prueba. *Davis* v. *Lower Bucks Hospital,* 56 F.R.D. 21 (1972); *Williams* v. *Thomas Jefferson University,* 54 F.R.D. 615 (1972); *Rodrigues* v. *Hrinda,* 56 F.R.D. 11 (1972); *Carvalho* v. *New Rochelle Hospital,* 384 N.Y.S.2d 508 (1976); *Harley* v. *Catholic Medical Center of Brooklyn,* 394 N.Y.S.2d 62 (1977); *Johnson* v. *New York City Health & Hospitals Corp.,* 374 N.Y.S.2d 343 (1975); *Kane* v. *Randt,* 352 N.Y.S.2d 394 (1974); *Anderson* v. *Florence,* 181 N.W.2d 873 (1970); *Rogotzki* v. *Schept,* 219 A.2d 426 (1966); *Estate of May* v. *Zorman,* 487 P.2d 270 (1971); *Myers* v. *St. Francis Hospital,* 220 A.2d 693 (1966); Annotation, *Scope of Defendant's Duty of Pretrial Discovery in Medical Malpractice Action,* 15 A.L.R.3d 1446 (1967); Wright & Miller, *op. cit.,* Sec. 2033. El criterio que se utiliza en esta situación es el de pertinencia. Es decir, estarán al alcance del descubrimiento de prueba los hechos conocidos o las opiniones sustentadas por el médico demandado, en relación con el tratamiento dado por él a su paciente, si éstas son pertinentes a la controversia del caso. *Anderson* v. *Florence,* supra, págs. 877–878, *Rogotzki* v. *Schept,* supra, págs. 432–436; *Johnson* v. *New York City Health and Hospital Corp.,* supra, págs. 345–346; *Kane* v. *Randt,*

supra, pág. 398; *Estate of May* v. *Zorman*, supra, pág. 271; *Myers* v. *St. Francis Hospital*, supra, pág. 697; Louisell & Williams, *Medical Malpractice*, New York, Matthew Bender, 1981, Sec. 10.05. La razón por la cual se le concede tal amplitud es que el médico demandado es un testigo de los hechos sobre los cuales se le pregunta. Como tal, está sujeto a descubrimiento de toda materia no privilegiada y que sea pertinente a la controversia, aunque se trate de una opinión. [4] El hecho de que el deponente sea además un perito y se le hagan preguntas que solo un perito puede contestar, no es razón para estructurar una norma distinta. *Rogotzki* v. *Schept*, supra, pág. 432; *Johnson* v. *New York City Health & Hospitals*, supra, pág. 346; *McDermott* v. *Manhattan Eye, Ear and Throat Hospital*, 203 N.E.2d 469, 473 (1964).

■ Se ha formulado, sin embargo, una regla diferente cuando se intenta obtener de un médico demandado opiniones sobre asuntos como el diagnóstico y el tratamiento brindados por otro médico también demandado, cuando el deponente no ha participado en tales procesos. *Carvalho* v. *New Rochelle Hospital*, supra; *Harley* v. *Catholic Medical Center of Brooklyn*, supra. Contra: *Estate of May* v. *Zorman*, supra. En estos casos, el médico deponente no es un testigo de los hechos y cualquier pregunta sobre el tratamiento médico requerirá su opinión como perito. En consecuencia, el alcance del descubrimiento de prueba de estos deponentes no se rige por la norma general plasmada en la Regla 23.1(a) sino por la regla especial sobre los peritos, la 23.1(c). Como vimos, esta regla solo permite el descubrimiento de prueba pericial en dos situaciones: (1) cuando se trata de peritos consultados por la parte contraria y que se espera sean presentados en

---

[4] Como señala Moore al discutir la Regla 26(b) federal, nada hay en dicha regla que excluya las opiniones de los deponentes del alcance del descubrimiento de prueba. Moore, *op. cit.*, sec. 26.53[3]. Lo mismo ocurre con la Regla 23.1(a) nuestra.

el juicio y, (2) cuando se trata de peritos consultados con anterioridad o en preparación para el juicio, pero que no habrán de ser llamados a testificar. No se provee para el descubrimiento de prueba de peritos que no han sido consultados en preparación para el juicio. Esta prueba pericial está fuera, por tanto, del alcance del descubrimiento de prueba. M. H. Graham, *Discovery of Experts Under Rule 26(b)(4) of the Federal Rules of Civil Procedure: Part One, An Analytical Study*, 1976 U. Ill. L. F. 895, 914 (1976); *Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules*, 48 F.R.D. 487, 503-504 (1970); Wright & Miller, *op. cit.*, Sec. 2029.

En atención a lo anterior, resolvemos que un médico demandado en una acción de daños y perjuicios por impericia profesional debe, en el descubrimiento de prueba, contestar las preguntas que se le formulen relativas al tratamiento, diagnóstico y demás participaciones suyas en el caso. No obstante, a modo de excepción, están fuera del alcance del descubrimiento de prueba las opiniones sobre el tratamiento brindado por otro médico demandado, si es que el primero no tomó parte alguna ni presenció el proceso.

A la luz de esta doctrina, examinamos la controversia de autos. Las preguntas objetadas por los doctores Fortuño y Ortiz se refieren al tratamiento brindado por otros médicos. El doctor Ortiz, quien fue uno de los facultativos que operaron al lesionado, hoy fallecido, procedió a base del récord del señor Rivera, en el cual se detallaba el diagnóstico y tratamiento ofrecido por los otros médicos. La lectura e interpretación de estos récords es parte integral e importantísima del tratamiento brindado al paciente. En la medida en que posibles errores cometidos por los otros médicos eran detectables del estudio de los récords, el tratamiento brindado por dichos facultativos es pertinente a là controversia entre el doctor Ortiz y la parte

demandante. Así, las preguntas no van dirigidas a buscar una opinión pericial sobre el tratamiento brindado por los otros médicos, sino a inquirir sobre los hechos y opiniones del doctor Ortiz en relación con sus propias actuaciones en el caso. No lo ampara la excepción.

Por su parte, el doctor Fortuño se desempeñaba como Director del Departamento de Urología del Hospital Universitario, donde fue atendido el señor Rivera. El doctor Fortuño fue uno de los doctores que atendieron al lesionado. La diligencia de los subalternos del doctor Fortuño es, además, pertinente a la determinación de su diligencia como supervisor. Las preguntas objetadas se encaminan a inquirir sobre su participación en el caso.

A tenor con las consideraciones expuestas, *se revocará la resolución recurrida y en su lugar se ordenará a los doctores Fortuño y Ortiz que contesten todas las preguntas relacionadas con sus actuaciones en el caso de autos, aunque las mismas requieran su opinión profesional.*

Los Jueces Asociados Señores Torres Rigual e Irizarry Yunqué no intervinieron.