# 2006 DTA 76

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL III**

ROCKY GONZÁLEZ, *ET AL*
Peticionarios

v.

BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO, *ET AL*
Recurridos

Núm. KLCE-05-01401

San Juan, Puerto Rico, a 28 de abril de 2006

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
el Juez Aponte Hernández y el Juez Vivoni del Valle

Bajandas Vélez, Jueza Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Comparecen ante nos el Sr. Rocky González Ortiz (el Sr. González), su esposa, la Sra. María Báez Mojica y la sociedad de gananciales compuesta por ambos (en conjunto los peticionarios). Nos solicitan que revoquemos la orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (el TPI) el 2 de septiembre de 2005 y notificada el 13 de igual mes y año. Mediante dicho dictamen, el TPI le denegó a los peticionarios el descubrimiento de un informe pericial preparado para el Banco Bilbao Vizcaya Argentaria (BBVA o el

recurrido) por la firma de ingenieros Echandi, Guzmán & Asociados, antes de que los peticionarios incoaran una demanda en contra del recurrido y otros.

Analizadas las comparecencias de las partes y el derecho aplicable, resolvemos expedir el auto de *certiorari* solicitado y revocar el dictamen recurrido.

## I

El 17 de junio de 2003, los peticionarios presentaron una demanda en daños y perjuicios en contra del BBVA y otros, la cual posteriormente enmendaron. En esencia, alegaron que adquirieron una propiedad para ampliar su negocio, cuya compra y mejoras fueron financiadas por el recurrido. Adujeron que dicha obra colapsó y se derrumbó, quedando ésta en ruinas por culpa de los demandados, entre los cuales además del BBVA, se encuentran: el contratista, Sr. Donald Rivera, el inspector de la obra, Ing. Abner Melecio y el Ing. Ángel Ufret, quien preparó los planos de la misma.

En su demanda, los peticionarios además sostienen que el BBVA, en unión a los aludidos demandados, responden por los daños y perjuicios sufridos por ellos por razón de dicha ruina. Particularmente, alegan en contra del BBVA que éste le es responsable por haberles referido al Sr. Donald Rivera, haber alegadamente aceptado documentación falsa y haberle entregado a éste pagos indebidos, sin el consentimiento del Sr. González. Además, le imputaron responsabilidad por incumplimiento de contrato.

El 5 de septiembre de 2003, el BBVA contestó la demanda, negó las alegaciones medulares de la misma y levantó varias defensas afirmativas.

Trabada así la controversia, el 10 de septiembre de 2003, los peticionarios le notificaron un pliego de interrogatorios al BBVA. En el interrogatorio núm. 58, éstos le solicitaron que identificara *"... toda persona del BBVA o que por encomienda de BBVA haya hecho investigación de los hechos de este caso"*. ■

El 16 de enero de 2004, el recurrido contestó el aludido pliego de interrogatorios y con relación a dicha pregunta número 58, indicó: *"Ingeniero Efraín Echandi Otero, de Echandi, Guzmán & Assoc., Suite D-406 Vick Center Bldg. #867, Muñoz Rivera, Río Piedras PR 00926, Tel. 759-6405"* (en adelante el Informe Echandi o el Informe). ■

Con fecha 2 de agosto de 2004, los peticionarios presentaron una Solicitud de Orden contra el BBVA para que Descubra lo Solicitado. ■ Por medio de ésta, los peticionarios le solicitaron al TPI que les permitiera el descubrimiento del aludido Informe, el cual estaba fechado el 30 de diciembre de 2002, o sea, antes de incoar su demanda.

El 23 de agosto de 2004, el BBVA se opuso al descubrimiento del mencionado Informe. Alegó que el Ing. Echandi fue consultado en una etapa previa a la demanda a los fines de una transacción. Además, arguyó que el Ing. Echandi no iba a ser llamado a testificar por parte del BBVA, por lo que, su Informe estaba fuera del alcance del descubrimiento de prueba, conforme a la Regla 23.1 de las de Procedimiento Civil, 32 LPRA Ap. III, R. 23.1.

Inconforme con la referida posición del recurrido, los peticionarios presentaron ante el TPI un escrito de réplica en el que reiteraron sus previos argumentos. No obstante, añadieron que su perito había fallecido poco tiempo después de comenzar el caso y que éste tenía conocimiento personal de la condición de la estructura cuando ésta existía. Aclararon que la misma colapsó y ya no existe. Explicaron *"... que ningún perito que ahora se contrate podría hacer las observaciones y emitir las opiniones que había emitido el Ing. Roberto Escobar (q.e.d.) porque la edificación ya no existe. Pero sí existe el informe de la firma de ingenieros Echandi, Guzmán y Asociados que fue contratada por el co-demandado [el BBVA] y que apoya la posición del demandante [los*

*peticionarios]."* (Énfasis en el original). Arguyeron que por tales razones se dan las condiciones necesarias requeridas por la Regla 23.1 de Procedimiento Civil para que se ordene el descubrimiento de dicho informe.

En su escrito de dúplica, el BBVA adujo que conforme a la Regla 23.1(c)(2) de las de Procedimiento Civil está fuera del ámbito del descubrimiento de prueba el trabajo de aquellos peritos consultados y contratados por una parte antes del pleito o en preparación del juicio que no van a ser presentados en audiencia, ni son anunciados como perito. Sostiene que las razones descritas por los peticionarios para que, por excepción, se permita tal descubrimiento son meras excusas.

Luego de examinar las comparecencias de las partes, el 5 de noviembre de 2004, el TPI ordenó al BBVA que produjera el Informe Echandi dentro del plazo de 10 días. Tal orden fue notificada el 3 de diciembre de 2004.

Inconforme, el 20 de diciembre de 2004, el BBVA solicitó al TPI que reconsiderara lo ordenado. El 30 de diciembre de 2004, el TPI resolvió acoger dicha moción de reconsideración para evaluación y ordenó a los peticionarios que reaccionaran a la misma.

Así pues, el 11 de enero de 2005, los peticionarios presentaron un escrito titulado *"Réplica y Oposición a Moción de Reconsideración"*. Argumentaron, que el Informe en cuestión no fue preparado en anticipación de un litigio, pues del mismo se desprende que su propósito fue determinar qué se requería para poner la propiedad objeto de la controversia nuevamente en un estado operacional. De otro lado, esbozaron que aunque el BBVA hubiese comisionado el Informe con propósitos transaccionales, ello, de por sí, no vedaba su descubrimiento. Entienden que la Regla 22 (B) de las de Evidencia, lo que hace inadmisible es si hubo o no promesas de transacción y no excluye información en poder de otros que no fueron parte de conversaciones entre las partes, transaccionales o no.

Por su parte, en su escrito titulado Réplica a Oposición a Moción de Reconsideración, el recurrido reiteró que el Informe Echandi fue preparado para transigir una causa de acción y que no es admisible al tenor de la Regla 23.1 (c) (2) de Procedimiento Civil. Además, adujo que los peticionarios deben demostrar la existencia de circunstancias excepcionales, lo que no han hecho. Por otro lado, arguyó que la muerte del perito contratado por los peticionarios no representa una circunstancia excepcional que permita el descubrimiento del aludido Informe, pues éstos pueden contratar otro perito para que testifique sobre el informe preparado por el Ing. Escobar. Así, señaló que cualquier perito está facultado para emitir opiniones basadas en un informe de otro perito, por lo que el informe del Ing. Escobar puede ser usado como punto de partida para ello.

El 2 de septiembre de 2005, el TPI emitió la resolución recurrida, mediante la cual acogió la solicitud del BBVA, reconsideró su previo dictamen y resolvió no autorizar el descubrimiento de prueba solicitado por los peticionarios. Dicha resolución fue notificada a las partes el 13 de septiembre de 2005.

Por no estar de acuerdo con lo así decidido, el 13 de octubre de 2005, los peticionarios presentaron el recurso de *certiorari* de autos. En el mismo señalaron que el TPI cometió el siguiente error:

*"Erró el Honorable Tribunal de Primera Instancia al denegar al demandante peticionario el descubrimiento de evidencia esencial a su caso basado en la Regla 23.1 (c) de Procedimiento Civil vigente por existir circunstancias extraordinarias por la muerte del perito del demandante y constituir dicho informe evidencia para impugnar al BBVA."*

Atendido el recurso, le concedimos un plazo al recurrido para que fijara su posición en torno al mismo. Así, el 13 de diciembre de 2005 presentó el escrito solicitado, en el cual, en esencia, reitera sus previos argumentos.

Con el beneficio de los escritos de ambas partes, resolvemos.

## II

Como es sabido, de la Regla 23 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23, se desprende el principio rector de que el descubrimiento de prueba debe ser amplio y liberal, siempre que las materias no sean de carácter privilegiado y que tengan pertinencia al asunto en controversia. *Alfonso Brú v. Trane Export Inc.*, **2001 JTS 132**, pág. 139; *Durán v. Banco Popular de Puerto Rico*, 152 DPR 140 (2000); *Aponte v. Sears Roebuck de Puerto Rico*, 129 DPR 1042, 1049 (1992); *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 40 (1986); *Lluch v. España Service Station*, 117 DPR 729, 743 (1986); *Ades v. Zalman*, 115 DPR 514, 518 (1984); *Rivera Alejandro v. Algarín*, 112 DPR 830, 834 (1982); *Rodríguez v. Scotiabank*, 113 D. P.R. 210 (1982). Un sistema liberal de descubrimiento facilita la tramitación de los pleitos y evita las sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista, las cuestiones y los hechos que en realidad son objeto del litigio. *General Electric v. Concessionaires, Inc., supra; Lluch v. España Service Station, supra.*

Los tribunales vienen obligados a cumplir con su objetivo de llevar a cabo un proceso justo, rápido y económico para las partes, asumiendo un rol activo en el mismo. Por ello, poseen amplia discreción para limitar o extender el alcance del descubrimiento de prueba. Como norma general, también gozan de poderes específicos de supervisión a través de los mecanismos particulares de descubrimiento de prueba y el poder para sancionar a la parte que es compelida y se rehúsa a cumplir las órdenes dirigidas a descubrir prueba. Regla 34.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 34.2; *Medina v. Merck Sharp & Dohme*, 135 DPR 716, 730-731 (1994); *Ortiz Rivera v. ELA, National Insurance Co.*, 125 DPR 65, 70 (1989); *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593 (1989); *Dávila v. Hospital San Miguel Inc.*, 117 D.P.R. 807 (1986); *General Electric v. Concessionaires Inc., supra*, pág. 38-39.

En el caso de *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000), el Tribunal Supremo de Puerto Rico también se expresó en torno a otros intereses que se adelantan con el descubrimiento de prueba. Dicho Foro indicó que:

*"Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea...Las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad; y (4) perpetuar evidencia. En esencia, su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso...No obstante, los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventaja para ninguna de las partes."* (Citas omitidas).

De otro lado, la prueba pericial que una parte pretenda utilizar en el juicio está sujeta al descubrimiento de prueba, de conformidad con lo establecido por la Regla 23.1 (c) de Procedimiento Civil, 32 L.P.R.A. 32 L.P.R. A Ap. III, R. 23.1(c). *"El propósito primordial de permitir el descubrimiento de prueba pericial es el que la parte contraria pueda prepararse adecuadamente para contrainterrogar efectivamente al perito y refutar su testimonio"*. Dr. José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo I, Ed. 2000, San Juan, **Publicaciones J.T.S.**, pág. 484. Véase además *Boitel Santana v. Cruz*, 129 D.P.R. 725, 731 (1992).

El descubrimiento de prueba pericial podrá llevarse a cabo al tenor de la Regla 23.1 (c), *supra*, de la siguiente manera:

*"(1) Una parte podrá, a través de interrogatorios, requerir a cualquier otra parte que suministre el nombre*

*y la dirección de los peritos que haya consultado y de los que intente presentar en el juicio. Respecto a estos últimos, podrá requerirse a la parte que exprese la materia sobre la cual el perito se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, hechos o argumentos que sostienen las mismas. A solicitud de parte, el tribunal podrá ordenar el descubrimiento de prueba pericial por cualquier otro medio, sujeto a aquellas condiciones o limitaciones que estime razonables.*

*(2) **Una parte podrá hacer uso de los métodos de descubrimiento en relación a hechos conocidos u opiniones de un perito que ha sido contratado por otra parte con anterioridad al pleito o en preparación para el juicio y el cual no habrá de ser llamado a testificar solamente si se demostraren circunstancias excepcionales que hagan impráctico para la parte que interese el descubrimiento obtener hechos u opiniones sobre la misma materia, por otros medios o en el caso que dispone la Regla 32.2.***

*(3) ...*

*(4) ... ".*

(Énfasis nuestro).

Igualmente, dicha Regla dispone que una parte que haya respondido a una solicitud de descubrimiento tendrá el deber continuo de notificar a la parte contraria de toda información adicional que obtenga con posterioridad a dicha solicitud y que esté relacionada con tal descubrimiento. Regla 23.1 (d), *supra*.

En *Rivera Alejandro v. Algarín*, 112 D.P.R. 830, 834 y 835 (1982), nuestro más Alto Foro, expresó que:

*"..., en cuanto al descubrimiento de prueba pericial de la parte contraria, la Regla 23.1 (c) provee restricciones adicionales. El inciso primero de esa regla le concede al tribunal la facultad de imponer las condiciones y limitaciones que estime necesarias para el descubrimiento de prueba pericial que la parte contraria intente presentar en el juicio."*

No obstante, también el Tribunal Supremo resolvió que *"[d]e tratarse de peritos consultados y contratados por la otra parte con anterioridad al pleito o en preparación para el juicio y los cuales no habrán de ser llamados a testificar, solo (sic) se podrán descubrir los hechos conocidos por el perito, así como sus opiniones, si se le demostrara al tribunal que existen circunstancias excepcionales que hagan impráctico para la parte que interese el descubrimiento obtener hechos u opiniones por otros medios. Regla 23.1 (c) (2)."* Id. De este modo, a los fines de aclarar dicha normativa señaló:

*"Esta regla [Regla 23.1 (c)] solo (sic) permite el descubrimiento de prueba pericial en dos situaciones: (1) cuando se trata de peritos consultados por la parte contraria y que se espera sean presentados en el juicio, y (2) cuando se trata de peritos consultados con anterioridad o en preparación para el juicio, pero que no habrán de ser llamados a testificar. **No se provee para el descubrimiento de prueba de peritos que no han sido consultados en preparación para el juicio. Esta prueba pericial está fuera, por tanto, del alcance del descubrimiento de prueba** (Énfasis nuestro)."* Rivera Alejandro v. Algarín, supra, págs. 836 y 837.

En otras palabras, *"[d]e tratarse de peritos consultados y contratados por la otra parte con anterioridad al pleito o en preparación para el juicio y los cuales no habrán de ser llamados a testificar, sólo se podrán descubrir los hechos conocidos por el perito, así como sus opiniones, si se demuestra al Tribunal que existen circunstancias excepcionales que hagan impráctico para la parte que interese el descubrimiento obtener hechos u opiniones por otros medios."* Cuevas Segarra, *Op. cit.*, pág. 489.

Aunque no hemos encontrado un caso de Puerto Rico que articule la razón para tal normativa, en el foro

federal se ha dicho respecto a la Regla 26(b) (4) (B) de las Reglas Federales de Procedimiento Civil, similar a nuestra Regla 23.1(c), que "... the Rule [Rule 26(b) (4) (B)] was intended to prevent an advisor from becoming an involuntary witness." Delcastor, Inc. v. Vail Associates, Inc., 108 F.R.D. 405, 408 (D. Colo., 1985).

## III

Al tenor de la normativa expuesta, debemos resolver si el TPI incidió al denegarle a los peticionarios el descubrimiento del Informe Echandi, el cual fue preparado en una etapa previa al litigio y por un perito que alegadamente no será llamado a testificar en el juicio. En otras palabras, debemos determinar si en el recurso ante nos se configuran las circunstancias excepcionales que hacen impráctico para los peticionarios obtener por otros medios hechos u opiniones sobre la misma materia que fue objeto del Informe Echandi.

Conforme se desprende del expediente, el Informe incluye las observaciones del perito Echandi respecto a las condiciones de la propiedad de los peticionarios que antecedieron el derrumbe y colapso de ésta. También, nuestro examen del expediente refleja que no existe controversia entre las partes en torno a que el Informe Echandi fue preparado el 30 de diciembre de 2002, a solicitud del BBVA, o sea, antes de que los peticionarios incoaran su demanda en contra del recurrido quien, junto a los otros demandados, alegadamente ocasionaron la destrucción de la obra comercial perteneciente a éstos. Tampoco existe disputa entre las partes respecto a que los peticionarios contrataron al Ing. Escobar como su perito debido a que la obra estaba evidenciando serios defectos y con el propósito de que emitiera su opinión pericial respecto al estado de la misma. Es hecho indisputado que este perito falleció poco tiempo después de hacer su inspección de la obra. Finalmente, no es área de controversia que en el año 2003 dicha obra colapsó, fue demolida y el solar limpiado. ▮

Por su parte, es la contención del recurrido, que el Informe Echandi no es descubrible porque no se dan las circunstancias excepcionales que contempla la Regla 23.1(c)(2) que hagan impráctico obtener hechos u opiniones sobre la misma materia. Explica que los peticionarios pueden contratar su propio perito para obtener los hechos y opiniones necesarios a los fines de probar su caso ▮ y que este perito puede testificar sobre el alegado informe que preparara el Ing. Escobar. ▮

De otro lado, reitera que el Informe Echandi fue preparado para la celebración de conversaciones transaccionales que se llevaron a cabo entre el BBVA y el Sr. González, sin asistencia de abogado. Entiende que por ello, la producción del Informe está vedada por la Regla 22 (B) de las Reglas de Evidencia. [9] Por último arguye, que los peticionarios cuentan con fotografías y un Acta Notarial del estado del inmueble previo al alegado colapso. No le asiste la razón.

Evaluadas las posiciones de ambas partes, somos del criterio que el hecho de que el perito contratado por los peticionarios al inicio de su litigio falleciera, unido al hecho indisputado de que el estado actual de la propiedad es distinto a aquél que se produjo al surgir los alegados defectos en la obra comercial, configuran circunstancias de excepción que hacen impráctico para los peticionarios obtener hechos u opiniones sobre tal materia por otros medios que no sea a través del Informe Echandi.

Nos resulta razonable que se autorice el descubrimiento del Informe Echandi en vista de que según se desprende del expediente la estructura objeto de la demanda ya no existe por haber sido demolida. Ciertamente, cualquier perito que los peticionarios contraten en esta etapa de los procedimientos no podrá tener acceso directo a las condiciones de la obra previas a su alegado colapso. Tampoco podrá contar con observaciones directas y de primera mano respecto a la misma. Con ello, se menoscaba la posibilidad de que los peticionarios puedan contar con un informe pericial abarcador y adecuado para sostener sus alegaciones. Tales circunstancias hacen impráctico para los peticionarios obtener los hechos u opiniones pertinentes por otros medios que no sea el Informe preparado por el Ing. Echandi. Ello porque el único documento que recoge el conocimiento personal y pericial sobre este asunto lo constituye dicho Informe el cual fue preparado en diciembre de 2002, fecha cercana a los hechos alegados en la demanda.

Los peticionarios sustentan su posición en el caso de *Delcastor, Inc. v. Vail Associates, Inc., supra.* En el mismo ocurrió un alud o un derrumbamiento de lodo en un área. El demandante solicitó el descubrimiento del cierto informe preparado por el perito de la parte contraria que trataba de las condiciones del terreno previas al alud, las cuales habían cambiado sustancialmente, a raíz del derrumbamiento. Ante la oposición de la parte contraria, el tribunal resolvió que el informe de dicho perito era descubrible a base de las circunstancias excepcionales que se dieron por razón de que ese perito era el único que había inspeccionado el área en que ocurrió el alud antes de que las condiciones del terreno cambiaran sustancialmente.

El aludido tribunal tomó en consideración que *"[a]number of cases hold that 'exceptional circunstances' allowing for discovery of a non − testifying expert's opinión exist when the object or condition observed is not observable by an expert of the party seeking discovery."* Delcastor, Inc. v. Vail Associates, Inc. supra, a la pág. 409. Véase *Sanford Construction Co. v. Kaiser Aluminum & Chemical Sales, Inc.,* 45 FRD 465, 466 (ED Ky, 1968), y *Colden v. RJ Schofield Motors,* 14 FRD 521, 532 (ND Ohio 1952) citados en *Delcastor, Inc. v. Vail Associates, Inc., supra.*

Por otro lado, entendemos que no le asiste la razón al recurrido cuando arguye que el Informe Echandi no es descubrible por razón de la Regla 22 (B) de las de Evidencia. Tal regla trata sobre la admisibilidad de evidencia sobre transacciones para probar responsabilidad o que la reclamación o parte de ésta no es válida. Como mencionáramos, el descubrimiento de prueba requiere únicamente que la materia objeto del mismo no sea privilegiada y que sea pertinente al asunto en controversia. En autos, el Informe no constituye materia privilegiada y resulta pertinente. Además, en esta etapa del proceso, el TPI no está evaluando la admisibilidad de la evidencia sino su pertinencia para el descubrimiento de la misma, de acuerdo con la Regla 23 de Procedimiento Civil.

Por último, aunque, como alega el BBVA, los peticionarios cuentan con fotografías y un Acta Notarial que reflejan el estado del inmueble antes de su presunto colapso, lo cierto es que esa prueba no es de la misma calidad de un informe preparado por un perito ingeniero que inspeccionó y observó el alegado estado ruinoso de la obra y emitió su opinión pericial al respecto.

Al tenor de lo expresado, concluimos que el error apuntado por los peticionarios fue cometido. Procede pues, revocar la orden recurrida y permitirse así el descubrimiento del Informe Echeandi por los peticionarios.

## IV

Por los fundamentos expresados, se expide el auto de *certiorari* solicitado, se revoca la orden emitida por el TPI el 2 de septiembre de 2005, notificada el 13 de igual mes y año y se autoriza el descubrimiento del Informe preparado para el recurrido por la firma de Echandi, Guzmán & Asociados.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2006 DTA 76

1. Apéndice del recurrido, pág. 8.

2. Apéndice del recurrido, pág. 17.

3. Apéndice de los peticionarios, págs. 60-61.

4. Apéndice de los peticionarios, pág. 74.

**5.** Los peticionarios alegan en su recurso que éstos advinieron en conocimiento del contenido del Informe Echandi durante los procedimientos de un caso criminal paralelo que surgió de los mismos hechos que dan base a la demanda.

**6.** Ello fue efectuado con el conocimiento del recurrido BBVA. Véase Apéndice de los peticionarios, pág. 115.

**7.** También, reclama haber incurrido en gastos en la preparación del aludido Informe.

**8.** Del recurso no se desprende con certeza si el Ing. Escobar preparó un informe. En su recurso los peticionarios hacen referencia únicamente a las observaciones que éste hizo de la condición de la obra previa al colapso.

**9.** La Regla 22 de Evidencia, 32 LPRA Ap. IV, R. 22 (B), dispone:

> *"Regla 22. Evidencia pertinente afectada o excluida por políticas extrínsecas*
>
> *(A) ...*
>
> *(B) Transacciones. Evidencia de que una persona ha provisto, ofrecido o prometido proveer, o de que una persona ha aceptado u ofrecido o prometido aceptar, dinero o cualquier otra cosa para transar una reclamación no es admisible para probar responsabilidad ni para probar que la reclamación o parte de ésta no es válida. Tampoco es admisible evidencia de conducta o manifestaciones hechas en el curso de la negociación de la transacción. Esta regla no impide que ese tipo de evidencia sea admisible cuando se ofrece para otros propósitos.*
>
> *(C) ..*
>
> *(D) ...*
>
> *(E)".*