ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| VÍCTOR ROSA PADILLA<br><br>QUERELLANTES<br>RECURRIDOS<br><br>V.<br><br>FIRSTBANK PUERTO RICO Y/O FIRSTBANCORP, COMPAÑÍA DE SEGUROS ABC, INC.<br><br>QUERELLADOS PETICIONARIOS | KLCE202300610 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala de Vega Baja<br><br>Caso Núm. D4PE2019-0001 ANTES D3PE2018-0001 Y CD15-140<br><br>Sobre:<br><br>Despido Injustificado, Ley Núm. 2 de Procedimiento Sumario |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

El 30 de mayo de 2023, la parte querellada y peticionaria, FirstBank Puerto Rico, presentó ante nos un recurso de *certiorari*. En su pedimento, solicita que expidamos el auto discrecional y revoquemos la *Resolución y Orden* emitida 15 de mayo de 2023, notificada el día 17 siguiente, por el Tribunal de Primera Instancia, Sala Superior de Vega Baja. Mediante el aludido dictamen, el foro primario denegó la participación en el juicio de seis testigos, al justipreciar que FirstBank los anunció tardíamente, toda vez que el procedimiento de descubrimiento de prueba había culminado el 24 de septiembre de 2015. En consecuencia, ordenó a las partes del título a presentar el *Tercer informe enmendado sobre conferencia preliminar entre abogados*.

**I**

El caso del título se inició el 23 de febrero de 2015, ocasión en que la parte querellante y recurrida, señor Víctor Rosa Padilla, presentó una querella laboral al palio del procedimiento sumario, estatuido en la Ley Núm. 2 de 17 de octubre de 1961, "Ley de Procedimiento Sumario de

Reclamaciones Laborales", 32 LPRA secs. 3118-3133.[1] Alegó que fue despedido sin justa causa el 5 de marzo de 2014. Acotó que Firstbank optó por prescindir de sus servicios como gerente porque era "más barato" despedirlo que enfrentar un pleito sobre hostigamiento sexual. Al respecto, planteó que la subgerenta, señora Frances Belén Sierra, le imputó dicha conducta para evitar una evaluación perjudicial debido al presunto mal desempeño de ésta. A esos efectos, solicitó $36,252.54 por concepto de mesada.[2]

FirstBank contestó la querella.[3] En general, aseveró que el despido se asentó en justa causa y negó las alegaciones según expuestas por el señor Rosa Padilla. Por igual, rechazó que la terminación del empleo del recurrido guardara relación alguna con el desempeño de la señora Belén Sierra. Entre sus defensas afirmativas, FirstBank indicó que "se vio en la obligación de despedir al querellante a la luz del incumplimiento de éste con las normas y procedimientos de la compañía, incluyendo el Código de Ética y el desempeño inadecuado de sus funciones, muy particularmente aquellas relacionadas a sus responsabilidades como director de las operaciones de la sucursal y como supervisor de sus empleados".[4]

En lo que atañe al caso, como parte del procedimiento extrajudicial de descubrimiento de prueba, el 25 de junio de 2015 el señor Rosa Padilla remitió a FirstBank un *Aviso de toma de deposición duces tecum,*[5] al cual unió el Anejo A,[6] en cuyos incisos 10 y 12 solicitó lo siguiente:

> 10. Lista de testigos, incluyendo nombres, dirección residencial, teléfono, lugar de empleo y un resumen de la declaración y/o del testimonio de cada uno de ellos.
>
> . . . . . . . .
>
> 12. Copia de toda declaración jurada, testimonio o entrevista con cualquier persona relacionada con este caso. Provea un listado de todas las personas entrevistadas para preparar la Contestación a la Querella.

---

[1] Apéndice, págs. 1-4.
[2] El señor Rosa Padilla comenzó a trabajar en FirstBank el 24 de marzo de 2008.
[3] Apéndice, págs. 5-10.
[4] Apéndice, pág. 9, acápite 13.
[5] Apéndice, págs. 11-12.
[6] Apéndice, págs. 13-14.

Posteriormente, las partes en conjunto presentaron el *Informe sobre conferencia preliminar entre abogados* el 24 de septiembre de 2015. En el aludido documento, FirstBank anunció como testigo únicamente a la licenciada Joselyne Álvarez Rolón, consultora de relaciones de empleados, quien testificaría sobre las investigaciones cursadas en 2014 y de los hallazgos que dieron lugar al despido del recurrido.

Surge del expediente que el foro primario señaló varias fechas para la celebración del juicio en su fondo, pero la vista nunca se llevó a cabo. Entonces, el 25 de febrero de 2016, FirstBank presentó una *Moción de sentencia sumaria.*[7] Entre la documentación anejada, consta el Código de Conducta Ética,[8] el Manual del Empleado[9] y dos documentos intitulados Protocolo de Investigación, Informe Final.[10] Al evaluar los escritos presentados, el 18 de noviembre de 2020, la primera instancia judicial dictó una *Resolución y Orden* mediante la cual denegó la vía de apremio.[11]

En cumplimiento de las normas procesales, el tribunal *a quo* expuso 32 determinaciones de hechos. Entre los enunciados fácticos consta que el recurrido tenía una amonestación de 2008 y que no cometió faltas contemporáneas a su despido (determinaciones de hechos 4 y 36). Además, que en 2014, en una evaluación del desempeño del recurrido, concurrieron renglones de que éste cumplió con las expectativas y en otros fue mal evaluado (determinaciones de hechos 23 y 24). Enunció el tribunal que el señor Rosa Padilla no recibió disciplina progresiva (determinación de hechos 32). Igualmente, se determinó probado que, entre marzo y julio de 2013 aproximadamente, el señor Rosa Padilla y la señora Belén Sierra mantuvieron una relación consentida (determinaciones de hechos 10 y 29). También que la señora Aida García manifestó en una reunión que era más barato despedir al recurrido que enfrentar un caso de hostigamiento sexual

---

[7] Apéndice, págs. 45-68, con anejos a las págs. 69-532. Refiérase, además, a la *Oposición*, Apéndice, págs. 310-340, con anejos a las págs. 341-423; *Réplica*, Apéndice, págs. 490-506; y *Dúplica*, Apéndice, págs. 507-516.

[8] Apéndice, págs. 69-89.

[9] Apéndice, págs. 90-155.

[10] Apéndice, págs. 252-261; 282-288.

[11] Apéndice, págs. 531-532; 533-541.

(determinación de hechos 25). Como controversias de hechos, el *nisi prius* planteó:

> (1) Las razones por las cuales se despidió al señor Rosa [Padilla], y si el mismo fue o no justificado.
>
> (2) Si las alegadas violaciones hechas por el señor Rosa [Padilla] ameritaban que fuera despedido como primera sanción.
>
> (3) Si el señor Rosa [Padilla] fue negligente o violó alguna norma, al no ofrecer disciplina m[á]s estricta a la señora Belén [Sierra].[12]

Así las cosas, el 21 de octubre de 2022, los litigantes presentaron en conjunto el *Segundo informe enmendado sobre conferencia preliminar entre abogados.*[13] En éste, además de la licenciada Álvarez Rolón, FirstBank anunció seis testigos adicionales; a saber: Gianna Molina, gerente de recursos humanos y custodia del expediente laboral del señor Rosa Padilla; Mara Ramírez, quien testificaría sobre la querella de hostigamiento sexual; Aysha Issa, supervisora indirecta del recurrido, quien declararía sobre las evaluaciones del recurrido; la señora Belén Sierra, cuyo testimonio versaría sobre el ambiente de la sucursal en los años 2013-2014; Mariely Marrero testificaría acerca de un incidente de remoción de expedientes perpetrado por la señora Belén Sierra y la falta de amonestación por parte del señor Rosa Padilla; y José Gerardo Marrero, cuyo testimonio estaría relacionado con las amonestaciones dadas al señor Rosa Padilla.

FirstBank arguyó que el señor Rosa Padilla impugnó los documentos que obraban en el expediente de personal por falta de autenticación y presuntamente constituir prueba de referencia. Sostuvo que el recurrido sabía de estas personas testigos, ya que la mayoría de sus

---

[12] Ninguno de los contendientes recurrió el dictamen.

[13] Apéndice, págs. 642-669. El 8 de diciembre de 2021, FirstBank sometió por su cuenta el *Informe enmendado sobre conferencia preliminar entre abogados*, en el que anunció por primera vez a los seis testigos; véase, Apéndice, págs. 573-598. Luego, ambas partes presentaron el documento enmendado en el que el peticionario también incluyó al sexteto de testigos; refiérase al Apéndice, págs. 599-626.

nombres surgía de la deposición tomada al señor Rosa Padilla y de los documentos producidos durante el descubrimiento de prueba.[14]

Por su parte, el señor Rosa Padilla estuvo conteste con la participación como testigo de la licenciada Álvarez Rolón, pero objetó el sexteto anunciado tardíamente. Apuntaló que, si bien conocía a las personas testigos, desde 2015 había solicitado al peticionario la lista de testigos que pretendía utilizar y FirstBank sólo señaló a la licenciada Álvarez Rolón. Indicó que no llevó a cabo ningún mecanismo de descubrimiento de prueba con los referidos testigos y que dicho proceso había culminado. Aseveró que su objeción a los documentos anunciados por el peticionario se remontaba a 2015, por lo que el incumplimiento de FirstBank con su obligación de actualizar y notificar acerca de la prueba testifical le causaba un perjuicio indebido.[15]

Así pues, el Tribunal de Primera Instancia acogió los planteamientos del señor Rosa Padilla y determinó que el descubrimiento de prueba había finalizado el 24 de septiembre de 2015. Acotó que, a pesar de la solicitud oportuna del recurrido, FirstBank nunca notificó que iba a utilizar a los seis testigos anunciados en 2021. Concluyó que éstos no podrán prestar testimonio en el juicio. Por consiguiente, ordenó a las partes litigantes a corregir y someter el *Tercer informe enmendado sobre conferencia preliminar entre abogados*.

Inconforme, Firstbank acudió ante este tribunal intermedio y esbozó el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA DE VEGA BAJA, Y ABUSÓ DE SU DISCRECIÓN AL DECLARAR CON LUGAR LA SOLICITUD DEL QUERELLANTE DE ELIMINAR TESTIGOS DE HECHOS QUE ERAN CONOCIDOS POR [É]STE DESDE EL INICIO DEL DESCUBRIMIENTO DE PRUEBA Y AL DENEGAR LA INCLUSIÓN DE ESTOS TESTIGOS EN EL INFORME DE CONFERENCIA CON ANTELACIÓN A JUICIO ENMENDADO, MÁXIME CUANDO EL INFORME DE CONFERENCIA ENTRE ABOGADOS PRESENTADO EL 24 DE FEBRERO DE 2015 NO FUE DISCUTIDO NI

---

[14] Apéndice, págs. 627-628; 675-678, con anejos a las págs. 679-1005.
[15] Apéndice, págs. 631-635, anejo a las págs. 363-639. Además, véase el Apéndice de la *Oposición a expedición de auto de certiorari*, págs. 1-5, anejo a las págs. 6-9; 10-13.

APROBADO COMO AQU[É]L QUE REGIRÍA LOS PROCEDIMIENTOS DURANTE EL JUICIO.

El señor Rosa Padilla presentó su alegato en oposición. Con el beneficio de ambas comparecencias, resolvemos.

## II

### A

El auto de *certiorari* es el vehículo procesal extraordinario en el que se solicita que un tribunal de mayor jerarquía ejerza su discreción para corregir un error cometido por un tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir o denegar el auto de *certiorari*. *Íd*. Por tanto, "descansa en la sana discreción del foro apelativo el expedir o no el auto solicitado". *Íd*. En cuanto a la discreción judicial que da base a la expedición del recurso de *certiorari*, el Tribunal Supremo ha expresado que la misma "no se da en un vacío ni en ausencia de otros parámetros". *I.G. Builders et als. v. BBVAPR*, 185 DPR 307, 338 (2012). La discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Como se sabe, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita con precisión los asuntos en los que este tribunal intermedio puede revisar resoluciones y órdenes interlocutorias mediante el recurso de *certiorari*. R. Hernández Colón, *Derecho Procesal Civil*, 6ta edición, LexisNexis de Puerto Rico, Inc., 2017, sec. 5515a, pág. 532. La aludida norma procesal dispone, en su parte pertinente, como sigue:

> .        .        .        .        .        .        .        .
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones** cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter

dispositivo. No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia **cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos** o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. (Énfasis nuestro).

.        .        .        .        .        .        .        .

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone que para expedir un auto de *certiorari*, este foro intermedio debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido al pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La norma precitada impone a este foro revisor la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del tribunal *a quo*, de forma que no se interrumpa injustificadamente el curso corriente de los casos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por lo tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado. Sólo se

justifica nuestra intervención con las determinaciones interlocutorias discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B**

Es norma asentada que el descubrimiento de prueba debe ser amplio y liberal. *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 490 (2019); *Rivera Alejandro v. Algarín*, 112 DPR 830, 834 (1982). De conformidad con lo anterior, la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1 (a), establece que las partes podrán hacer descubrimiento "sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente". En lo que compete al caso del epígrafe, el inciso (e) de la Regla 23.1 de Procedimiento Civil, *supra*, dispone:

> (e) *Obligación continua de actualizar, corregir o enmendar la prueba que se ha descubierto y de notificarla.* — Una parte que haya respondido a una solicitud de descubrimiento **tiene el deber continuo de actualizar, corregir o enmendar sus respuestas y notificar a la parte contraria toda información adicional que obtenga con posterioridad a dicha solicitud** y que esté relacionada con dicho descubrimiento, siempre que el tribunal se lo ordene o que ocurra lo siguiente:
>
> .   .   .   .   .   .   .   .
>
> [. . .] **El incumplimiento de la parte con su obligación de actualizar, corregir o enmendar conlleva la exclusión en el juicio de la prueba no actualizada si surge que, antes del juicio, la parte tenía conocimiento o debió tenerlo de la información adicional o correctiva y no la actualizó, corrigió ni enmendó.** No obstante, de así interesarlo, la parte que solicitó dicho descubrimiento podrá hacer uso evidenciario de dicha prueba. Si el descubrimiento de la prueba surge durante el juicio, se proveerá el remedio que corresponda. (Énfasis nuestro).

**III**

En la causa presente, FirstBank solicita la expedición del auto discrecional del título y la revocación del dictamen interlocutorio emitido por el tribunal primario. En específico, peticiona la permisión en el juicio de seis testigos adicionales a la licenciada Álvarez Rolón, quien fue anunciada al

recurrido de manera oportuna. Dicho asunto, al tenor de la Regla 52.1 de Procedimiento Civil, *supra,* podría ser revisable. Sin embargo, luego de evaluar el expediente ante nuestra consideración y someter la cuestión planteada a los criterios de la Regla 40 de nuestro Reglamento, *supra*, decidimos denegar la expedición del auto. Veamos.

En este caso, FirstBank reconoce que en el *Informe* de 2015 sólo incluyó una testigo, pero alega que dicho documento no fue discutido ante el foro primario ni acogido por éste como que regiría los procedimientos del juicio. Sin embargo, de la relación de hechos procesales esbozada en el dictamen impugnado, el foro primario palmariamente consignó que el 24 de septiembre de 2015 se celebró una *Vista con antelación al juicio*, en la cual se discutió el documento y se señaló el juicio en su fondo para el 10 y 11 de diciembre de 2015.[16]

Por otro lado, FirstBank sostiene que el recurrido conoce del sexteto de testigos y de su participación en las investigaciones cursadas, así como que sus nombres surgen de la prueba documental solicitada por el señor Rosa Padilla y producida por el peticionario. Asimismo, admite que, desde el *Informe* de 2015, el recurrido objetó algunos de los documentos allí desglosados. No obstante, afirma que no fue hasta la denegación de la solicitud de sentencia sumaria en 2020 que se hizo imperativa la participación de estos testigos con el fin de eliminar cualquier objeción del recurrido a la prueba documental. Ciertamente, es inmeritorio el argumento de que el señor Rosa Padilla conocía a las personas propuestas como testigos, mientras FirstBank incumplía su obligación de actualizar su lista de testigos y notificar al recurrido la intención de utilizarlos en el juicio. Nótese que esta obligación reglamentaria no está atada a si la parte contraria conoce o no la existencia de la prueba documental o testifical, toda vez que el deber de actualizar y notificar no cesa durante todo el proceso judicial. Véase, *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009). En la aludida jurisprudencia, nuestro Alto Foro expresó: "La

---

[16] Refiérase al Apéndice, pág. 1013.

Regla 23.1 de Procedimiento Civil dispone una obligación continua de informar a la parte contraria sobre cualquier prueba que se obtenga y se pretenda utilizar durante el juicio. **Dicha obligación no depende del conocimiento o desconocimiento que tenga la otra parte de la existencia de la prueba: siempre existe el deber de informarla**". (Énfasis nuestro). *Íd.*

Como reseñamos, ante el incumplimiento de una parte con su obligación de actualizar, corregir, enmendar y notificar, la Regla 23.1 de Procedimiento Civil, *supra*, provee para la exclusión en el juicio de la prueba no actualizada si surge que, antes del proceso, dicha parte tenía conocimiento de la información y no la actualizó, corrigió, enmendó ni notificó. La norma adquiere mayor importancia en el caso presente, ya que el señor Rosa Padilla nunca tuvo oportunidad de deponer a los testigos propuestos ante el anuncio en extremo tardío de FirstBank y la culminación del procedimiento del descubrimiento de prueba.

En fin, contrario a lo argüido por el peticionario, no encontramos que el tribunal primario haya incurrido en un abuso de discreción o que haya actuado con prejuicio o parcialidad ni que su proceder acarree un fracaso de la justicia. Tampoco se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de la norma procesal discutida. Consecuentemente, decidimos abstenernos de intervenir y, en su lugar, conceder deferencia a la amplia discreción que tiene el foro primario en el manejo de los casos ante su consideración.

**IV**

Por lo antes expuesto, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones