*979 Opinión concurrente emitida por el
Juez Presidente Señor Hernández Denton,
a la cual se une la
Juez Asociada Señora Rodríguez Rodríguez.
Concurrimos con la Opinión del Tribunal en tanto y en cuanto revoca la sentencia dictada por el Tribunal de Ape-laciones en el caso de autos. A nuestro juicio, y según surge claramente de los hechos narrados en dicha opinión, es indudable que la presentación del videodisco digital (DVD) en controversia no fue tardía ni sorpresiva. Sin embargo, consideramos que la única normativa aplicable en este caso es la relacionada con el descubrimiento de prueba y la conferencia con antelación al juicio, la cual es parte de nuestro ordenamiento procesal civil. Por consiguiente, aunque coincidimos con la Opinión del Tribunal en la que se revoca la decisión del Tribunal de Apelaciones, hemos decidido hacer constar por separado nuestro criterio al respecto.
I
Según surge de la extensa relación de hechos contenida en la Opinión del Tribunal, en este caso se presentó una demanda de daños y perjuicios el 12 de abril de 2004 contra varios demandados a raíz de un accidente automovilís-tico en el que resultó lesionada la Sra. Lilliam Berrios Falcón. En lo pertinente al asunto ante nuestra considera-ción, la señora Berrios Falcón alegó que como consecuencia de dicho accidente sufrió una incapacidad total, tanto física como emocional. Luego de presentada la demanda, y en medio de la fase relativa al descubrimiento de prueba, la señora Berrios Falcón contrajo matrimonio con el Sr. Gregorio López Serrano y se mudó a Springfield, Massachusetts.
Así las cosas, a sólo quince días antes de comenzar el *980 juicio, y luego de un extenso proceso de descubrimiento de prueba, la señora Berríos Falcón informó que había reci-bido una declaración de incapacidad total de parte de la Administración del Seguro Social debido a su condición emocional. Es tras solicitar información adicional al res-pecto que los demandados, Puerto Rican American Insurance Company y Néstor Rullán Ruiz, se percatan de que el Seguro Social denegó la petición de incapacidad que la señora Berríos Falcón sometió en relación con su condición física. Por eso, éstos iniciaron una vigilancia el 9 de mayo de 2007 —a sólo un día de comenzar el juicio— para deter-minar si en realidad la señora Berríos Falcón estaba físi-camente incapacitada.
La presente controversia versa, precisamente, sobre la presentación del DVD que contiene las imágenes obtenidas como resultado de la mencionada vigilancia, concluida en febrero de 2008. A tales efectos, el 20 de febrero de 2008, los demandados le notificaron a la señora Berríos Falcón —a través de sus abogados— la existencia del DVD. Esto es, se le notificó el mismo mes en que finalizó la vigilancia.
El 17 junio de 2008, tras concluir el desfile de prueba de la señora Berríos Falcón, los demandados solicitaron auto-rización al Tribunal de Primera Instancia, Sala Superior de Caguas, para presentar el mencionado DVD y, así, refu-tar las alegaciones de la demandante. Oportunamente, me-diante orden dictada el 24 de junio de 2008, dicho foro au-torizó la presentación del DVD.
Inconforme, la señora Berríos Falcón recurrió al Tribunal de Apelaciones.(1) En síntesis, argumentó que la pre- *981 sentación del DVD era tardía e improcedente en derecho, pues los demandados tuvieron oportunidad de realizar la mencionada vigilancia antes de que se presentara el in-forme de la conferencia con antelación al juicio. Por su parte, los demandados argumentaron que no habían po-dido realizar la vigilancia anteriormente, pues no había surgido la necesidad para ello. Además, señalaron que du-rante el período previo al inicio del juicio, la señora Berríos Falcón se mudó a Estados Unidos, lo que dificultó entablar un proceso de vigilancia como el que es objeto del presente caso.
Examinado el asunto, el Tribunal de Apelaciones revocó la determinación del foro de instancia mediante una sen-tencia de tres páginas. En esencia, resolvió que al amparo de las Reglas de Procedimiento Civil los demandados te-nían “un deber continuo de informar a las partes la prueba que va surgiendo”. A su vez, dicho foro concluyó que los demandados no cumplieron con su deber de “informarle al Tribunal su intención de reservarse el derecho para pre-sentar el vídeo”. Por consiguiente, a juicio del Tribunal de Apelaciones, procedía revocar la orden del foro de instancia que autorizó su presentación.
Tras considerar las circunstancias particulares de este caso, así como la normativa procesal aplicable, concurri-mos con la Opinión del Tribunal en cuanto a que el foro apelativo intermedio erró al revocar la orden emitida por el tribunal de instancia. No obstante, como no coincidimos con todos los fundamentos de la Opinión del Tribunal, por este medio hacemos constar nuestra posición. Veamos.
II
En Puerto Rico, las partes en un caso civil tienen el derecho de realizar descubrimiento de prueba sobre cual-quier materia no privilegiada que sea pertinente al asunto en controversia, ya se relacione con una reclamación o con *982 una defensa. En este sentido, las Reglas de Procedimiento Civil permiten solicitar información en torno a la existen-cia, descripción, naturaleza, custodia, condición y localiza-ción de cualesquiera libros, documentos u objetos tangibles. Además, se puede solicitar descubrimiento sobre la identidad y dirección de personas que conozcan hechos pertinentes a la solución de la controversia objeto del pleito. Regla 23.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
En particular, nuestro ordenamiento procesal civil re-quiere que se descubra, previa petición de una parte, todo aquel documento u objeto que haya sido preparado con an-terioridad al juicio por o para la otra parte o su representante. Entre éstos se incluye cualquier material que se haya preparado para ser presentado en la vista en su fondo. Ahora bien, en cuanto a este extremo, las Reglas de Procedimiento Civil excluyen del descubrimiento de prueba las impresiones mentales, conclusiones, opiniones o teorías legales de los abogados. Regla 23.1(b) de Procedi-miento Civil, 32 L.P.R.A. Ap. III.
Como se sabe, las normas antes citadas persiguen cua-tro objetivos fundamentales para el cabal desenvolvi-miento del proceso judicial: (1) precisar los asuntos en con-troversia; (2) obtener evidencia para ser utilizada en el juicio; (3) facilitar la búsqueda de la verdad, y (4) perpe-tuar evidencia. Por ello, hemos resuelto que el descubri-miento de prueba en el contexto civil debe ser amplio y liberal. En este sentido, el descubrimiento de prueba en Puerto Rico se rige por un concepto de mayor alcance que la admisibilidad de la información solicitada. Ello así, pues al amparo de la Regla 23.1(a) de Procedimiento Civil, supra, se puede solicitar prueba que aim cuando no sea pro-piamente admisible, puede conducir razonablemente al descubrimiento de evidencia que sí lo sería. Regla 23.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Véanse: Rivera y otros v. Bco. Popular, 152 D.P.R. 140, 152 (2000); Medina *983 v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716 (1994); Ades v. Zalman, 115 D.P.R. 514 (1984); Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982).
Cónsono con lo anterior, la Regla 23.1(d) de Procedi-miento Civil, supra, establece el deber continuo de notifi-car toda información adicional que se obtenga luego de ha-ber cumplido con una solicitud de descubrimiento, siempre y cuando guarde relación con lo que anteriormente se haya revelado. Así, pues, nuestras reglas procesales pretenden facilitar “la tramitación de los pleitos y evita [r] los incon-venientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio”. Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959).
Por otra parte, la Regla 37.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, faculta a los jueces de instancia para que, en el ejercicio de su discreción, ordenen a los abogados de las partes que comparezcan a una conferencia con antela-ción al juicio. Los propósitos de dicha conferencia son, en-tre otros: simplificar las cuestiones litigiosas, determinar si es necesario enmendar las alegaciones, estipular hechos para evitar la presentación de prueba acumulativa, revelar la identidad de los testigos que se espera utilizar en el juicio y tomar cualesquiera medidas que sean necesarias para fomentar la pronta disposición del caso. Además, luego de celebrarse dicha conferencia, el tribunal de ins-tancia debe preparar un informe que gobernará el curso subsiguiente de los procedimientos, a menos que sea modi-ficado en el juicio para impedir una manifiesta injusticia. Véase, e.g., Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838 (1986).
Debido a la importancia de esta normativa para el trá-mite más eficiente de los asuntos civiles ante la considera-ción de nuestros tribunales, la Regla 37.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, les concede discreción a los jueces de instancia para sancionar el incumplimiento con sus disposiciones. En este sentido, dicha regla permite que se *984 desestime la demanda, se elimine las alegaciones del de-mandado o se condene a la parte en incumplimiento a pa-gar costas y honorarios de abogado. Además, se puede emi-tir cualquier otra orden que sea justa en respuesta a la desatención de las citadas normas.
De todo lo antes expuesto, se pueden destilar cuatro conclusiones principales. Primero, el descubrimiento de prueba en Puerto Rico es de naturaleza amplia y liberal. Segundo, los diversos métodos dirigidos a descubrir prueba tienen el fin primordial de fomentar la solución más efi-ciente de las controversias y facilitar la búsqueda de la verdad. Tercero, para evitar la presentación sorpresiva de prueba en medio del juicio, las partes que anteriormente hayan contestado una solicitud de descubrimiento de prueba tienen el deber continuo de notificar cualquier in-formación adicional que obtengan y que esté relacionada con dicha petición. Cuarto, aunque el informe que se ge-nere como producto de la conferencia con antelación al jui-cio rige los procedimientos subsiguientes en todo caso civil, el mismo no constituye una camisa de fuerza que elimine la discreción de los jueces de instancia para alterarlo en aras de evitar una patente injusticia.
Con ello en mente, consideremos las circunstancias par-ticulares del presente caso según la normativa antes reseñada.
III
A todas luces, en el caso de autos el Tribunal de Apela-ciones entendió que como la presentación del DVD en con-troversia no fue notificada al tribunal de instancia al mo-mento de redactarse el informe de la conferencia con antelación al juicio, los demandados no tenían el derecho de presentarlo para refutar la alegación de incapacidad fí-sica de la señora Berríos Falcón. Sin embargo, según he- *985 mos visto, aun cuando la Regla 23.1(d) de Procedimiento Civil, supra, establece una obligación continua de informar en el contexto de las contestaciones a solicitudes de descu-brimiento de prueba, consideramos que en las circunstan-cias particulares del caso de autos, tal disposición no tiene el alcance que le ha dado el foro apelativo intermedio.
Primeramente, según destacó el propio Tribunal de Ape-laciones, en este caso los demandados le notificaron a la señora Berríos Falcón la existencia del DVD en controver-sia casi cuatro meses antes de solicitar su presentación en la continuación de la vista en su fondo. Por tal razón, el argumento de que el mismo constituye prueba sorpresiva carece totalmente de méritos. De hecho, el abogado de la parte demandante fue advertido de la existencia del DVD y se limitó a indicar que lo objetaría en el juicio. En este sentido, consideramos que los demandados cumplieron con lo requerido por la Regla 23.1(d) de Procedimiento Civil, supra, y el foro recurrido erró al exigirle algo más.
Por otra parte, el hecho de que el DVD no fue incluido como parte de la prueba de los demandados en el informe de la conferencia con antelación al juicio, no impedía que el juez de instancia, en un prudente ejercicio de discreción, autorizara su presentación. Al respecto, es preciso recordar que los demandados tuvieron que entablar una vigilancia audiovisual de la señora Berríos Falcón luego de comen-zado el juicio, debido a que fue en ese momento que se enteraron de que el Seguro Social le había denegado su reclamación de incapacidad física total. Así, pues, el juez de instancia actuó correctamente al permitir la presenta-ción del DVD. De esta forma, enmendó el informe de con-ferencia con antelación al juicio al amparo de la amplia discreción que le conceden nuestras Reglas de Procedi-miento Civil.
Por lo tanto, concurrimos con la opinión del Tribunal en tanto revoca la sentencia dictada por el Tribunal de Apela-ciones en el caso de autos.

 Cabe destacar que este recurso no es el primer incidente apelativo interlocu-torio en el que se ven involucradas las partes. Anteriormente se recurrió de una determinación del juez de instancia que denegó una moción de desestimación sobre una reclamación de lucro cesante. Véase Berríos Falcón v. Torres Merced, Rullán Ruiz, KLAN2008000213 (Sentencia de 15 de febrero de 2008). Posteriormente dene-gamos el auto de certiorari solicitado para revisar dicha sentencia. Véase Berríos Falcón v. Torres Merced, CC-2008-149 (Resolución de 25 de febrero de 2008). En cierta medida, pues, ello explica los intervalos de tiempo entre las distintas fases del desfile de prueba en la vista en su fondo.