ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SUNNOVA ENERGY CORPORATION RECURRIDA | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama |
| v. | KLCE202500072 | Civil Núm.: PA2024CV00133 |
| RUBÉN RODRÍGUEZ RAMOS PETICIONARIO | | Sobre: Cobro de dinero Regla 60 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de febrero de 2025.

Comparece el Sr. Rubén Rodríguez Ramos (Sr. Rodríguez Ramos; peticionario) ante este Tribunal de Apelaciones, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI) el 13 de enero de 2025 y notificada en esa misma fecha. En el referido dictamen, el TPI declaró No Ha Lugar la *Moción en Solicitud de Reconsideración* que presentó el peticionario.

Adelantamos que, por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca el dictamen apelado.

**I**

El 5 de julio de 2024 Sunnova Energy Corporation (Sunnova; recurrida) presentó una acción de cobro de dinero donde reclamó la deuda líquida, vencida y exigible por la cantidad de $1,884.32 al amparo de la Regla 60 de las de Procedimiento Civil.[1] El 18 de agosto de 2024 el Sr. Rodríguez Ramos contestó la *Demanda* y entre sus defensas afirmativas

---

[1] Tomamos conocimiento judicial del expediente electrónico del caso *Sunnova Energy Corporation v. Ramón Rodríguez Ramos*, PA2024CV00133, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 1.

arguyó que Sunnova no anejó en su reclamación copia del contrato firmado al cual aluden, por lo que no había elementos de juicio para determinar cuantía alguna que fuese exigible.[2] El 22 de agosto de 2024 se celebró el acto de juicio a través de videoconferencia. Allí el Sr. Rodríguez Ramos alegó que este no fue quien firmó el contrato presentado como prueba. Por tal motivo, el TPI notificó mediante *Resolución y Orden* la conversión del caso para ser ventilado por la vía ordinaria.[3] Subsiguientemente el peticionario presentó una reconvención donde instó tres causas de acción: acción resolutoria bajo el Artículo 1077 de Código Civil, acción de daños y perjuicios y acción de nulidad de contrato.[4]

Sunnova informó al TPI el 25 de septiembre de 2024 que cursó al peticionario un primer interrogatorio y un requerimiento de producción de documentos y admisiones.[5] De igual manera, notificó el 1 de noviembre de 2024 que llevaría a cabo una deposición *duces tecum* al peticionario el 19 de noviembre de 2024.[6] También notificó al TPI el 13 de diciembre que en esa fecha cursaría al peticionario una solicitud de producción de documentos.[7] Luego de sometido el Informe de Manejo del Caso, cumplimentado por las partes, se calendarizó celebrar la conferencia inicial mediante videoconferencia para el 8 de noviembre de 2024. Para ello, el TPI emitió el 8 de noviembre de 2024 —notificada el 12 de noviembre de 2024— una *Orden de Calendarización* donde, entre otras cosas, informó a las partes que el descubrimiento de prueba finalizaba el 17 de enero de 2025 y lo que no se descubriera para esa fecha se entendía renunciado.[8] Esto fue reiterado en la *Minuta* sobre la Conferencia Inicial celebrada el 8 de noviembre de 2024.[9]

El 4 de enero de 2024, el Sr. Rodríguez Ramos notificó que cursaría un primer pliego interrogatorio y requerimiento de admisiones a la recurrida.

---

[2] SUMAC, Entrada Núm. 13.
[3] SUMAC, Entrada Núm. 23.
[4] SUMAC, Entrada Núm. 24.
[5] SUMAC, Entrada Núm. 34.
[6] SUMAC, Entrada Núm. 40.
[7] SUMAC, Entrada Núm. 47.
[8] SUMAC, Entrada Núm. 45.
[9] SUMAC, Entrada Núm. 46.

El 7 de enero de 2025 el TPI respondió mediante *Orden* donde realizó las siguientes expresiones: "Enterado. Se les recuerda a ambas partes el cumplimiento de la Orden de Calendarización. Quedan advertidos".[10] Dos días después, el 9 de enero de 2025, Sunnova se opuso a los mecanismos de descubrimiento cursados por el peticionario y alegó que este realmente los cursó el 8 de enero y no el 4 de enero como había informado al tribunal. A esto añadió que dicho interrogatorio y requerimiento de admisiones se encontraban fuera del término establecido por el tribunal y por tal razón se oponía a la extensión del plazo para el descubrimiento de prueba.[11] Al respecto, el TPI declaró y notificó lo siguiente:

Examinada la moción, este tribunal resuelve:

**HA LUGAR.**

El tribunal no extenderá el descubrimiento de prueba. Si la parte demandada no cumplió con el término de [*sic*] dado para el descubrimiento en la Orden de Calendarización la cual contó con su anuencia, renunció a dicho descubrimiento.[12] (Énfasis suplido.)

Inconforme con lo resuelto, el peticionario presentó una *Moción en Solicitud de Reconsideración* la cual fue declarada No Ha Lugar por el foro primario. En su *Resolución* el TPI indicó, entre otras cosas, que el Sr. Rodríguez Ramos tuvo amplia oportunidad para realizar su descubrimiento de prueba, pero que este en su escrito no demostró justa causa que permitiera al tribunal declarar con lugar su reconsideración, por lo que renunció a todo aquello que no pudo descubrir a tiempo.[13] Aún inconforme, el Sr. Rodríguez Ramos acude mediante el presente recurso de *certiorari* y realiza los siguientes señalamientos de error:

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE GUAYAMA AL DECLARAR HA LUGAR LA MOCI[Ó]N OBJETANDO PRIMER PLIEGO DE INTERROGATOR[I]O Y REQUERIMIENTO DE ADMISIONES A PESAR DE QUE EL T[É]RMINO PARA EL DESCUBRIMIENTO DE PRUEBA NO HAB[Í]A CONCLUIDO.

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE GUAYAMA AL DECLARAR NO HA LUGAR LA MOCI[Ó]N EN SOLICITUD DE RECONSIDERACI[Ó]N

---

[10] Apéndice del recurso, Anejo 2.
[11] Apéndice del recurso, Anejo 3.
[12] Apéndice del recurso, Anejo 4.
[13] Apéndice del recurso, Anejo 6.

HABI[É]NDOSE SOLICITADO EL DESCUBRIMIENTO DE PRUEBA DENTRO DEL T[É]RMINO CONCEDIDO EN LA ORDEN DE CALENDARIZACI[Ó]N.

A través de *Resolución* concedimos a la recurrida hasta el 10 de febrero de 2025 para presentar su posición. Con su comparecencia oportuna, el recurso quedó perfeccionado y listo para su adjudicación.

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o **en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. […] (Énfasis nuestro).

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar,

tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, analizamos si debemos o no expedir el auto de *certiorari* bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40). Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709

(2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

**B**

La oportunidad de presentar prueba a su favor es un elemento fundamental del derecho constitucional a que se le cumpla a las partes con el debido proceso de ley. *Granados Navedos v. Rodríguez Estrada*, 124 D.P.R. 1, 49 (1989). Para proteger tan arraigado principio, nuestro ordenamiento jurídico establece varios mecanismos que les permiten a las partes "descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio". *Rivera Durán v. Banco Popular de P.R.*, 152 DPR 140, 151-152 (2000), que cita a Rafael Hernández Colón, *Derecho Procesal Civil*, Michie de P.R., 1997, sec. 2801, pág. 220.

Existen dos limitaciones para el descubrimiento de prueba: (1) que la información objeto del descubrimiento no sea privilegiada y (2) que la misma sea pertinente a la controversia. Así lo dispone la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1. Es decir, nuestro ordenamiento procesal también acoge el principio de que el descubrimiento de prueba debe ser amplio y liberal. *Rivera Alejandro v. Agarín*, 112 DPR 830, 844, (1982); *Ades v. Zalman*, 115 DPR 514, 518 (1984); *Ortiz v. ELA*, 125 DPR 65, 70 (1989). Por lo que la tendencia es a limitar el descubrimiento dentro de unos parámetros de razonabilidad y proporcionalidad, de manera que no continúe siendo uno de los motivos principales para la dilación en la adjudicación de las controversias. Más que una facultad, el Tribunal de Primera Instancia tiene el deber de actuar de manera afirmativa y dinámica en la tramitación de los casos ante su consideración. *Vives Vázquez v. ELA*, 142 DPR 117, 139 (1996).

El Tribunal Supremo de Puerto Rico ha reiterado que, en el ejercicio de la discreción que tienen los foros de primera instancia para modificar los términos del descubrimiento de prueba, estos deberán hacer un balance "[e]ntre dos intereses de gran importancia para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial: de una parte, deberán garantizar la pronta solución de las controversias, y de la otra, velar por que las partes tengan oportunidad de llevar a cabo un amplio descubrimiento de forma tal que en la vista no surjan sorpresas". *Rivera v. Banco Popular*, 152 DPR 140, 154 (2000); *Lluch v. España Service Sta.*, 117 DPR, págs. 742-743.

## C

De ordinario, se respetan las medidas procesales que los jueces toman en el ejercicio prudente de su discreción para dirigir y conducir los procedimientos que ante ellos se siguen.  Los jueces del TPI gozan de amplia discreción para gobernar esos procedimientos. *Lluch v. España Service Sta.,* 117 DPR 729, 742 (1986). Gozan, además, de amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia, y están llamados a intervenir activamente para manejar los procesos y dirigirlos de forma tal que se logre una solución justa, rápida y económica de los casos. *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1996), *Vellón v. Squibb Mfg., Inc.,* 117 DPR 838 (1986).

En ese sentido, se ha resuelto que "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int'l News,* 151 DPR 649, 664 (2000). Debemos tener presente que los jueces de primera instancia están facultados con flexibilidad para lidiar con la tramitación de los asuntos judiciales. *E.L.A. v. Asoc. de Auditores*, 147 DPR 669, 681 (1999). Si su actuación se funda en una base razonable que no

resulta perjudicial a los derechos sustanciales de una parte, debe prevalecer su criterio. *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

Así, de ordinario, los tribunales apelativos no intervienen con las determinaciones de un foro primario relacionadas al descubrimiento de prueba y al manejo del caso, a menos que medie prejuicio, pasión, parcialidad o error manifiesto. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154-155 (2000). La deferencia al juicio y a la discreción del foro primario está cimentada en que los foros apelativos no pueden pretender disponer ni manejar el trámite ordinario de los casos que se ventilan ante el TPI. No existe duda de que dicho foro es el que mejor conoce las particularidades del caso y el que está en mejor posición para tomar las medidas que permitan el adecuado curso hacia su disposición final, en consecución a la búsqueda de la verdad. No obstante, en el ámbito del desempeño judicial, la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del derecho ya que ciertamente, esto constituiría un abuso de discreción. *Banco Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997), que cita a *Pueblo v. Sánchez González*, 90 DPR 197, 211 (1964). La "*discreción* es 'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'". *Banco Popular de P.R. v. Mun. de Aguadilla*, 144 DPR, a las págs. 657-658.

En este contexto, debemos tener presente el alcance de nuestro rol como foro apelativo al intervenir precisamente con la discreción judicial. Así pues, es norma reiterada que este foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en caso de "un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Trans-Oceanic Life Ins. v. Oracle*

*Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service*, 117 DPR 729, 745 (1986).

**III**

El peticionario recurre ante nosotras y plantea dos errores cometidos por el foro primario: declaró con lugar la oposición de la recurrida a pesar de que el término para el descubrimiento de prueba no había transcurrido y declaró sin lugar su moción de reconsideración. Por los motivos que discutiremos a continuación, resolvemos que le asiste la razón. Veamos.

Sabido es que el proceso de descubrimiento de prueba es uno liberal y flexible tanto en su vértice sustantiva como la procesal. Por ello, nuestro ordenamiento jurídico solo lo limita en dos instancias: cuando se trate de descubrir materia que es impertinente al caso o se trate de información privilegiada. Tal y como hemos planteado, el TPI tiene amplia discreción para el manejo de sus casos y por consiguiente para acortar y extender los términos para llevar a cabo el descubrimiento de prueba. En la situación de hechos que nos ocupa, según surge del expediente del caso, el peticionario cursó su primer pliego interrogatorio y requerimiento de admisiones el 4 de enero de 2025, fecha anterior a la dispuesta como límite para el descubrimiento de prueba bajo anuencia de las partes, la cual fue el 17 de enero de 2025. No obstante, de manera prematura, el 9 de enero de 2025 Sunnova se opuso al mecanismo de descubrimiento de prueba cursado por interpretar que esta extendía el término establecido y esta acción fue avalada por el foro primario al declararla Ha Lugar. Sin embargo, nada dispuso de si la recurrida debía contestar o no el interrogatorio y el requerimiento cursado. Posteriormente, el peticionario sometió su reconsideración y el tribunal fundamentó que permitir los mecanismos cursados por el peticionario implicaría extender el término pautado el cual no procedía al no mediar justa causa para ello.

El tribunal erró en su interpretación. El Sr. Rodríguez Ramos cursó sus mecanismos de prueba a tiempo. Con su decisión el TPI dejó desprovisto al peticionario de prueba pertinente para probar su caso a

pesar de que sometió su interrogatorio y requerimiento antes del 17 de enero de 2025. Dicha determinación creó una desventaja para el Sr. Rodríguez Ramos poder defenderse ante las alegaciones de la recurrida. Nótese que, anterior a emitir la resolución recurrida sobre el manejo del descubrimiento, el foro primario no dispuso sanciones alternas de efecto más liviano para poder amonestar al recurrido por su alegada tardanza, sino que simplemente le cerró la puerta a un proceso que, por naturaleza, es uno amplio y liberal. Permitir que Sunnova contestara los documentos notificados tampoco representaba una dilación innecesaria sobre los procedimientos. De tal manera, incidió injustificadamente sobre el debido proceso de ley del peticionario y actuó en exceso de su discreción.

Por tanto, bajo la facultad que nos brinda la Regla 52.1 de las de Procedimiento Civil y la Regla 40 del Tribunal de Apelaciones al amparo de evitar un fracaso irremediable de la justicia, expedimos el presente recurso para así revocar la decisión interlocutoria recurrida. En vista de lo anterior, ordenamos a la parte recurrida a contestar el primer pliego interrogatorio y requerimiento de admisiones cursado por el Sr. Rodríguez Ramos.

**IV**

A tenor con lo antes expresado, se expide el auto de *certiorari* solicitado y revocamos la decisión apelada para que se devuelva el caso al foro primario y se continúen los procedimientos conforme a lo aquí dispuesto.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Aldebol Mora concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones